UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>V.<br><br>SMITH AND GRIFFITH SIDING, LLC, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:14-142-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for summary judgment filed by the plaintiff Owners Insurance Company (25) and the motion for summary judgment filed by the defendants (the "Griffiths") who have asserted a counterclaim (DE 26).

**I.   Background**

Chris and Rose Griffith's 12-year old daughter, identified as PMG in this record, was struck and killed by a car when she was walking home from school. Elizabeth Revo was the driver of the car. She was insured by SafeCo Insurance Company. Chris and Rose Griffith were insured under policies issued by Kentucky Farm Bureau. These insurers have paid the Griffiths the applicable policy limits and this action does not involve the Safeco or Kentucky Farm Bureau policies.

At the time of the accident Chris Griffith was part owner of Smith and Griffith Siding LLC. The company is listed at the insured under a policy issued by plaintiff Owners Insurance Company.  (DE 26-5, Declarations.) The Griffiths have demanded the policy limits of $300,000

under the underinsured motorist coverage on that policy. The issue in this action is whether the Owners policy covers the injuries sustained by PMG and her parents as a result of the accident.

Owners argues that it does not. It asks the Court to declare that the Griffiths are not entitled to recover any amounts under its policy. The Griffiths assert a counterclaim for breach of contract. They argue that the policy is ambiguous as to whether the injuries are covered and that, under Kentucky law, an ambiguous policy must be read in favor of the insured.

Both parties now move for judgment in their favor.

**II. Analysis**

With regard to underinsured motorist coverage, the policy provides the following:

> **We** will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an **underinsured automobile** because of **bodily injury** sustained by an injured person while **occupying** an **automobile** that is covered by **SECTION II – LIABILITY COVERAGE** of the policy.

(DE 8-1, Policy, Non-Stacked Underinsured Motorist Coverage, § 2.a. CM-ECF p. 44) (bold terms are bold in the original and indicate defined terms under the policy.)

The term "occupying" is defined under the policy as "being in or on an automobile as a passenger or operator, or being engaged in the immediate acts of entering, boarding, or alighting from an automobile." (DE 8-1, Policy, Non-Stacked Underinsured Motorist Coverage, § 1(a) CM-ECF p. 43.) PMG was not occupying any automobile at the time of her death. In their motion, however, the Griffiths point out that a separate provision broadens the underinsured motorist coverage. It provides:

> If the first named insured in the Declarations is an individual, this coverage is extended as follows:

> (1) **We** will pay compensatory damages, including but not limited to loss of consortium, **you** are legally entitled to recover from the owner or operator of any **underinsured automobil**e because of **bodily injury you** sustain:
>
> > (a) when **you** are not **occupying** an **automobile** that is covered by **Section II –LIABILITY COVERAGE** of the policy; or
> >
> > (b) when **occupying** an **automobile you** do not own which is not covered by **SECTION II – LIABILITY COVERAGE** of the policy.
>
> (2) The coverage extended in 2.b.(1) above is also afforded to a **relative** who does not own an **automobile**.

(DE 8-1, Policy, Non-Stacked Underinsured Motorist Coverage, § 2.b. CM-ECF p. 44.)

The Griffiths argue that, with this provision, the policy extends the underinsured motorist coverage to include the damages resulting from PMG's death. The extended coverage applies only, however, "[i]f the first named insured in the Declarations is an individual." (DE 8-1, Policy, Non-Stacked Underinsured Motorist Coverage, § 2.a. CM-ECF p. 44.) The only "named insured" on the Declarations page is Smith and Griffith Siding LLC, which is a limited liability company, not an individual. (DE 8-1, Policy Declarations CM-ECF pp. 4, 5, 6)

The Griffiths argue, however, that the policy is ambiguous regarding who the "first named insured in the Declarations" is and that it can reasonably be interpreted to provide that Richard Smith and Chris Griffith – the individual owners of Smith and Griffith Siding LLC – were the named insureds on the policy. If the policy is read to provide that Richard Smith and Chris Griffith are first named insureds, then the Griffiths argue that the extended underinsured motorist coverage would have covered the damages to PMG and to her parents.

In support of their argument that the policy can reasonably be interpreted to provide that Richard Smith and Chris Griffith are named insureds, the Griffiths point out that Richard Smith

3

and Chris Griffith are named on the Scheduled Drivers List that appears in the policy declarations. (DE 8-1, Policy Declarations at CM-ECF p. 6.)

"Unless the terms contained in an insurance policy have acquired a technical meaning in law, they must be interpreted according to the usage of the average man and as they would be read and understood by him in the light of the prevailing rule that uncertainties and ambiguities must be resolved in favor of the insured." *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky. App. 2003) (citation and quotations omitted). If, however, "there is doubt or uncertainty as to [an insurance policy's] meaning, and it is susceptible to two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted." *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 227 (Ky. 1994).

With regard to interpreting insurance policies, Kentucky has adopted the doctrine of reasonable expectations, pursuant to which an "insured is entitled to all the coverage he may reasonably expect to be provided under the policy. Only an unequivocally conspicuous, plain and clear manifestation of the company's intent to exclude coverage will defeat that expectation." *Simon v. Cont'l Ins. Co.*, 724 S.W.2d 210, 212 (Ky. 1986) (citation omitted). "The doctrine of reasonable expectations is used in conjunction with the principle that ambiguities should be resolved against the drafter in order to circumvent the technical, legalistic and complex contract terms which limit benefits to the insured." *Id*. at 213. "[T]he test in determining reasonable expectations is based on construing the policy language as a layman would understand it, rather than considering the policyholder's subjective thought process regarding his policy." *Stacy v. Allstate Inc. Co.*, No. 2008-CA-1371, 2009 WL 1349228, at *3 (Ky. App. 2009).

"However, the doctrine of reasonable expectations is only applicable where the language of the policy is ambiguous." *Lifeline Health Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh,*

*Pa.*, 665 F. Supp. 2d 770, 777 (W.D. Ky. 2009). Here there is no ambiguity. The contract is clear that the extended underinsured motorist coverage applies only "[i]f the first named insured in the Declarations is an individual." Each page of the policy Declarations identifies the "INSURED" and identifies only Smith and Griffith Siding LLC. The meaning of "first named insured in the Declarations" is clear and does not involve the interpretation of technical, legalistic or complex terms. It is the first name listed by the term "INSURED" on each page of the Declarations. The fact that Richard Smith and Chris Griffith were listed under the Scheduled Drivers List does not create any ambiguity as to what name appears beside the term "INSURED" in the Declarations. *See True v. Raines*, 99 S.W. 3d 439, 444-45 (Ky. 2003) (holding that a list of drivers in an insurance policy does not create an ambiguity as to who the insured is).

In support of their argument that the policy is ambiguous as to who the first named insured is, the Griffiths submit an affidavit by Richard Smith stating that he signed the application for insurance in his individual capacity, not as a member or officer of Smith and Griffith Siding, LLC. They also argue that none of the vehicles listed on the policy at various times since its effective date was wholly owned by the limited liability company. One vehicle was jointly owned by Smith and the company. The others were owned by Smith and/or Griffith as individuals. The Griffiths also submit notes from the insurance agency which they interpret as referring to Chris and Richard as the insureds under the policy.

Because the meaning of the phrase "first named insured in the Declarations" is clear, this Court cannot consider the extrinsic evidence regarding ownership of the vehicles or the application for insurance. "Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002). "Courts may not

use extrinsic evidence to create an ambiguity. Rather, the ambiguity must be patent, that is, apparent on the face of the contract." *State Auto Ins. Co. v. Stinson*, No. 96-6689, 1997 WL 124051, at *4 (6th Cir. 1998) (applying Kentucky law). Regardless, even considering this extrinsic evidence, the meaning of the term "first named insured in the Declarations" is simply not ambiguous.

The Griffiths argue that the policy cannot be enforced as written because it would mean that any coverage under the policy would be completely illusory. Here, the Griffiths point to the coverage provision of the policy which provides that Owners will pay for damages for which the insured becomes legally responsible "because of or arising out of the ownership, maintenance or use of **your automobile** . . ." (DE 8-1, Policy, § 2, 1.a, CM-ECF p. 9.) They argue that if the "first named insured in the Declarations" is interpreted to mean Smith and Griffith Siding, LLC and not Richard Smith and Chris Griffith individually then the policy does not insure any of the listed vehicles because none was wholly owned by the company. However, the policy defines the phrase "your automobile" as "the automobile described in the Declarations," not as automobiles owned by the insured. (DE 8-1, Policy, § 1 (13).)

The Griffiths argue that Owners should be estopped from arguing that Smith and Griffith Siding, LLC is the first named insured in the Declarations. They argue that the agency that sold the policy led the Griffiths to believe that the policy insured Richard Smith and Chris Griffith as individuals.  In order for the Griffiths to successfully assert estoppel, they must show not only that the agency misrepresented to them that Richard Smith and Chris Griffith were the named insured on the policy but also that the Griffiths had no means of determining who the named insured was. *Sebastian-Voor Properties, LLC v. Lexington-Fayette Urban County Government*, 265 S.W.3d 190, 194-95 (Ky. 2008).

Again, the policy declarations explicitly and repeatedly identify Smith and Griffith Siding, LLC as the insured. The Griffiths argue that they were misled by the application. However, the application explicitly identifies Smith and Griffith Siding, LLC in the space on the form marked "APPLICANT (First Named Insured)." (DE 26-6, Application, CM-ECF p. 4.) Thus, Owners is not estopped from arguing that Smith and Griffith Siding LLC is the first named insured under the policy.

Under its plain language, the policy's underinsured motorist coverage does not cover the damages sustained as a result of PMG's death. PMG was not occupying an automobile covered under the policy at the time of the incident. The extended underinsured motorist coverage does not apply because the first named insured in the Declarations of the policy is not an individual.

### III. Conclusion

For these reasons, the Court hereby ORDERS as follows:

1) Owners' motion for summary judgment (DE 25) is GRANTED;

2) the defendants' motion for summary judgment (DE 26) is DENIED;

3) the defendants' counterclaim is DISMISSED;

4) the Estate of PMG, Chris Griffith, and Rose Griffith are not entitled to recover any amounts under the Owners' insurance policy issued to Smith and Griffith Siding, LLC for damages incurred as a result of PMG's death; and

5) a judgment will be entered contemporaneously with this opinion.

Dated March 28, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY